IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                Case No. 10-10104-01-JWB

JESUS MALDONADO-ORTEGA,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on motions by Defendant to appoint counsel (Doc. 58), to appoint a "third party medical physician," (Doc. 59), to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 60), and to seal documents (Doc. 63). The government has filed a response. (Doc. 62.) For the reasons stated herein, Defendant's motion to seal is GRANTED IN PART; the remaining motions are DENIED.

**I. Background**

In 2010, Defendant was charged in a superseding indictment with four counts: Count 1 – unlawful reentry by an alien in violation of 8 U.S.C. § 1326(a); Count 2 – possession with intent to distribute several mixtures containing methamphetamine and totaling 1,334.23 grams (with approximately 1,025 grams of pure methamphetamine) in violation of 21 U.S.C. § 841(a)(1); Count 3 – knowing possession of two firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c); and Count 4 – being an alien in knowing possession of two firearms in violation of 18 U.S.C. § 922(g)(5)(A). (Doc. 10.) Defendant entered a plea of guilty to Counts 1, 2, and 4 of the superseding indictment.

A presentence report (PSR) was prepared that calculated Defendant's guideline range under the federal sentencing guidelines. (Doc. 14.) The PSR found an offense level of 38, minus 3 levels for acceptance of responsibility, resulting in a total offense level of 35. (*Id.* at 11.) Defendant's criminal history included driving while impaired (*Id.* at ¶ 47), attempted third degree assault (¶ 48), third degree assault (¶ 49), driving while impaired (¶ 50), driving without insurance or license and false reporting (¶ 51), driving without insurance (¶ 52), driving under restraint (¶ 53), false reporting and driving under restraint (¶ 54), and illegal re-entry into the United States after having been deported (¶ 55). The convictions resulted in only 4 criminal history points and a criminal history category of III. (*Id.* at 16.)  Defendant additionally had multiple prior arrests, including three incidents of arrest for illegal reentry where no charges were filed but he was subsequently deported. The PSR calculated a guideline range of 210-262 months. The sentencing judge adopted the PSR and sentenced Defendant to a term of 240 months on Count 2 and 120 months on Counts 1 and 4, all counts to run concurrently. Noting Defendant's history of reentering the United States, the judge indicated that incarceration was the only means of deterring that conduct and preventing Defendant from selling drugs in the United States. (Doc. 30 at 20-21.)

No direct appeal was taken. Defendant filed a motion under 28 U.S.C. § 2255 claiming ineffective assistance of counsel that was denied by the court in 2012. (Doc. 31.) The Tenth Circuit dismissed an appeal of that ruling based on a waiver in the plea agreement. (Doc. 45.) In 2015, based on amendments to the sentencing guidelines, the court reduced Defendant's sentence from 240 months to 198 months (with an amended guideline range of 168 to 210 months). (Doc. 46.) Defendant's current projected release date is July 26, 2024.

In 2019, the court appointed counsel for Defendant to aid him in filing a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Docs. 50, 52.)  The motion alleged that

2

Defendant's health, including treatment for colon cancer, together with other circumstances including the COVID-19 pandemic presented extraordinary and compelling reasons for a sentence reduction. The court denied the motion on November 5, 2020, noting the PSR's documentation of Defendant's history of driving under the influence, filing false reports, violent behavior directed toward family members, and at least four instances of illegal reentry into the United States. (Doc. 55 at 3.) The court also noted the serious nature of the offenses on which Defendant was sentenced, which involved a large amount of methamphetamine and firearms. The court concluded the § 3553(a) factors did not weigh in favor of a sentence reduction. (*Id.* at 4-5.)

Defendant's current motion for sentence reduction claims he has a "risk of continued pain and suffering, and possible death due to continued medical neglect by the Bureau of Prisons." (Doc. 60 at 3.) Defendant also cites proposed amendments to the sentencing guidelines that he says would expand the circumstances recognized as extraordinary and compelling reasons for sentence reductions, including circumstances relating to susceptibility to medical complications from infectious diseases. Defendant asserts that he underwent surgery for colon cancer and chemotherapy in 2017, as well as additional surgery, before being given a clean bill of health. Defendant alleges, however, that for "the past 25 months" he has experienced and reported symptoms to BOP that suggest a cancer relapse, but BOP health staff "have done nothing to treat his deteriorating condition…." (*Id.* at 12-13.) Defendant argues he is not a danger and states that he would be deported to Mexico if released, that he has completed rehabilitative programs, that he has strong family ties in Mexico, and that a weighing of the § 3553(a) factors favors a sentence reduction. (*Id.* at 21-24.)

Defendant also seeks appointment of counsel (Doc. 58) and an order for appointment of a third-party physician to evaluate him and report back to the court. (Doc. 59.) Finally, Defendant

3

seeks to seal his motion for release because it contains personal medical and other sensitive information. (Doc. 63.)

In response, the government cites BOP treatment records that it says belie Defendant's claim that the BOP is ignoring his pleas for appropriate treatment. (Doc. 62 at 12-13.) It contends the records show BOP is addressing Defendant's health concerns and is not ignoring his requests to alleviate any pain he experiences. Moreover, it contends the § 3553 factors weigh heavily against reducing Defendant's sentence, noting the court's prior weighing of those factors, and arguing there have been no substantial changes that would lead to a different conclusion. (*Id.* at 14-16.)

**II. Standard**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but [that] rule of finality is subject to a few narrow exceptions." *United States v. McGee*, 992 F.3d 1035, 1041 (10th Cir. 2021) (quoting *Freeman v. United States*, 564 U.S. 522, 526 (2011)). One exception is found in the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A)(i), which allows a reduction when certain conditions are met including "extraordinary and compelling reasons [that] warrant such a reduction...." Prior to 2018, that section only authorized the Director of the Bureau of Prisons to move for a reduction. *McGee*, 992 F.3d at 1041. The First Step Act changed this to allow a defendant to file his own motion for reduction after he "has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Mata-Soto*, 861 F. App'x 251, 253 (10th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)).

4

The Tenth Circuit has endorsed a three-step test for district courts to use in deciding motions filed under § 3582(c)(1)(A). *McGee*, 992 F.3d at 1042. Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim[1] and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id*. A court may deny the motion when any of the three requirements is lacking, and the court need not address the other requirements. *Id*. at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id*. With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Moreno*, 519 F. Supp. 3d 937, 941 (D. Kan. 2021).

### III. Analysis

At the outset, the court denies Defendant's motion for the appointment of counsel. Defendant has been able to articulate the basis of his claim and to present his arguments to the court. Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (right to counsel does not extend to §

---

[1] The exhaustion requirement is not a jurisdictional prerequisite. It is a claim-processing rule that may be waived or forfeited by the government. *United States v. Hemmelgarn*, 15 F.4th 1027, 1031 (10th Cir. 2021). The government concedes in this instance that Defendant has exhausted his available administrative remedies. (Doc. 62 at 5.)

3582(c)(2) motion). Defendant has not shown that his arguments for a sentence reduction are such that he cannot adequately present them without the help of appointed counsel.

The court also denies Defendant's motion to appoint a physician to assist him. Section 3582 provides no authority for the court to appoint a doctor to examine or assist Defendant. To the extent Defendant is seeking to challenge the medical treatment he is being provided or the conditions under which he is being held, section 3582 provides him no remedy.

The court has reviewed the medical records and other materials submitted by Defendant, as well as those cited by the government, and concludes Plaintiff has failed to show the existence of an extraordinary and compelling reason to reduce his sentence. Defendant's allegations that his health complaints have been ignored by the BOP are not supported by the materials submitted. Among other things, those records show that Defendant underwent surgery and radiation or chemotherapy for colon cancer in 2017 while in BOP custody. Records indicate Defendant was frequently seen and treated by health providers for various conditions both before and after that episode. (*See* Doc. 60-2 at 3-7.)  A status report in February of 2021 shows that on a referral from a clinician, a health provider examined Defendant and assessed there were "[e]xpected postsurgical changes in the pelvis without evidence for recurrent disease," although "[s]mall/early recurrent disease may not be detectable due to underlying postsurgical changes." (*Id.* at 10-11.)  Otherwise, the assessment concluded, there was "no evidence for metastatic disease." (*Id.* at 11.) In August 2022, Defendant complained of symptoms and was seen by health providers who directed that a colonoscopy be performed to evaluate for recurrence of cancer. (Doc. 62 at 10.) The report noted that Defendant's last colonoscopy was in June of 2019 and had been negative. (*Id.*) Records show Defendant underwent another colonoscopy and was seen thereafter on September 9, 2022, for an assessment.  The report indicated that a polyp had been removed during the procedure. (*Id.* at 11.)

Several months later, in February of 2023, Defendant was seen and treated for abdominal pain. (*Id.*) Records show Defendant was also seen by health providers on two occasions in March of 2023. (*Id.* at 12-13.) Defendant's allegation that the BOP is ignoring his health complaints is not supported by the record provided.

Defendant has obviously had serious health issues and continues to experience health problems. No showing has been made, however, that BOP is not meeting its obligation to provide adequate medical care to Defendant. Nor has any showing been made of a current extraordinary health risk that warrants Defendant's release from custody. Moreover, the court concludes that the circumstances are largely unchanged from Defendant's prior motion for sentence reduction, and that the § 3553(a) factors still weigh against a sentence reduction. Defendant has a demonstrated history of reentering the United States unlawfully. The last time he did so he engaged in serious offenses, including possession of a large quantity of methamphetamine for the purpose of distribution and the unlawful possession of firearms. The combination of repeatedly returning to the United States, engaging in large-scale drug trafficking, and unlawfully possessing firearms shows that the substantial sentence imposed (and subsequently reduced to 198 months) was and is necessary to reflect the seriousness of the offenses and to provide adequate deterrence. The nature of the offenses and Defendant's history and characteristics indicate that his release would pose a danger to others. Defendant has a history of domestic violence incidents and providing false information in an attempt to avoid responsibility for his conduct. As the sentencing judge noted, incarceration appears to be the only effective deterrent to Defendant returning to the United States and engaging in criminal conduct. That fact remains true and, despite Defendant's health problems, a weighing of the § 3553(a) factors shows that a sentence reduction is not warranted.

**IV. Conclusion**

Defendant's motions to appoint counsel (Doc. 58), to appoint a physician (Doc. 59), and to reduce sentence (Doc. 60) are DENIED. Defendant's motion to seal (Doc. 60) is GRANTED IN PART and DENIED IN PART. The motion is granted with respect to the attachments to Defendant's motion for sentence reduction, which contain medical records pertaining to Defendant, but is denied with respect to the motion itself (Doc. 60.)

IT IS SO ORDERED this 30th day of May, 2023.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE